**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

JOSE GONZALEZ,

Petitioner,

v.

WARDEN, PIKE COUNTY CORRECTIONAL FACILITY,

Respondent.

No. 4:26-CV-01706

(Chief Judge Brann)

# MEMORANDUM OPINION

**AUGUST 20, 2026**

Jose Gonzalez is an immigration detainee in the custody of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) who is presently detained at the Pike County Correctional Facility. He initiated this action by filing a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his continued detention under 8 U.S.C. § 1226(c). Gonzalez, however, has already asserted an identical habeas challenge in this Court that was adjudicated on the merits mere days before he filed the instant petition. The Court will therefore dismiss Gonzalez's second Section 2241 petition under the abuse-of-the-writ doctrine.

## I. Background and Procedural History

Gonzalez is a native and citizen of Mexico.[1] As previously noted in the resolution of his initial Section 2241 petition, Gonzalez was convicted in 2025 of transporting aliens, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii).[2] He therefore is subject to mandatory detention under Section 1226(c), and he is not entitled to a bond hearing under 8 U.S.C. § 1226(a).[3] At the time Gonzalez filed his first Section 2241 petition in May 2026, he had been detained approximately eight and one-half months.[4]

This Court ordered expedited briefing on that habeas petition, and both parties promptly complied.[5] On June 5, 2026, three days after receiving Gonzalez's traverse, the Court issued an order denying his habeas petition without prejudice, finding that Gonzalez's detention was not unconstitutionally prolonged.[6] On June 8, 2026, Gonzalez lodged a motion for a bond hearing,[7] and on July 2, 2026, he lodged a motion for reconsideration.[8] By order dated July 22, 2026, the Court denied those motions.[9]

---

1 *See* Doc. 8-2 at 1.
2 *See Gonzalez v. Lowe*, No. 4:26-cv-1286, Doc. 8 at 2 (M.D. Pa. June 5, 2026) (Brann, C.J.).
3 *See id.*
4 *See id.*, Doc. 8 at 3.
5 *See id.*, Docs. 5, 6, 7.
6 *See id.*, Doc. 8.
7 *Id.*, Doc. 10.
8 *Id.*, Doc. 11.
9 *See id.*, Doc. 12.

Prior to this Court ruling on Gonzalez's motions for a bond hearing and for reconsideration, he filed the instant, successive Section 2241 petition on June 15, 2026.[10] That petition is fully briefed and ripe for disposition.

## II. Discussion

Gonzalez's second habeas petition fails for two reasons. First, his successive Section 2241 petition, which was filed even before he moved for reconsideration in his first habeas case, represents an abuse of the writ. Second, even if the Court were to consider the merits of his second habeas petition, the result would not change from the denial of his first petition.

Second or successive post-conviction federal habeas petitions are tightly circumscribed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).[11] Those specific AEDPA limitations, however, do not apply to Section 2241 petitions.[12] Rather, the "abuse-of-the-writ" doctrine applies to multiple or successive Section 2241 petitions.[13] That doctrine generally prohibits a petitioner from raising claims in a Section 2241 petition that could have been resolved in a previous action.[14] And while AEDPA's second-or-successive gatekeeping does

---

10 *See generally* Doc. 1.
11 28 U.S.C. §§ 2241-2254; *see id.* §§ 2244(b), 2255(h).
12 *See Zayas v. I.N.S.*, 311 F.3d 247, 255 (3d Cir. 2002).
13 *See Anariba v. Director Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 442 (3d Cir. 2021).
14 *Id.*

not apply to Section 2241 petitions, application of the abuse-of-the-writ doctrine is "expected to yield a resolution in harmony with AEDPA."[15]

Gonzalez filed the instant habeas petition mere days after his first Section 2241 petition was denied. To wit: this Court denied his first habeas petition on June 5, 2026, and he filed the instant, successive petition on June 15, 2026.[16] There is no claim or information contained in Gonzalez's second habeas petition that was not or could not have been included in his first petition or in his subsequent motion for reconsideration. Rather, Gonzalez appears to be attempting to relitigate the exact issue that was denied on the merits, *i.e.*, whether his Section 1226(c) detention has become unconstitutionally prolonged. Gonzalez's current petition is thus a quintessential example of abuse of the writ, and AEDPA principles would not implicate a different resolution. Therefore, his successive Section 2241 petition must be dismissed.[17]

Even if the Court were to consider the merits of Gonzalez's second petition, it would be denied. This Court has already performed a thorough analysis of Gonzalez's Section 1226(c) habeas claim and denied it on the merits. That analysis and corresponding result would not change based on approximately ten

---

15 *Id.* (quoting *Zayas*, 311 F.3d at 257).

16 *See* Doc. 1 at 9; *Pabon v. Mahanoy*, 654 F.3d 385, 391 n.8 (3d Cir. 2011) ("The federal 'prisoner mailbox rule' provides that a document is deemed filed on the date it is given to prison officials for mailing.").

17 *See Zayas*, 311 F.3d at 258 (affirming dismissal of Section 2241 petition for abuse of the writ).

more days in detention (the amount of time between the denial of Gonzalez's first Section 2241 petition and when he filed his second petition). Thus, to the extent that a merits decision is warranted on the present Section 2241 petition, that petition would be denied without prejudice for all the same reasons provided in this Court's June 5 and July 22, 2026 Orders in Gonzalez's recently denied habeas case.[18]

## III. Conclusion

For the foregoing reasons, the Court will dismiss Gonzalez's petition for a writ of habeas corpus under 28 U.S.C. § 2241 pursuant to the abuse-of-the-writ doctrine. If the petition were considered on the merits, it would be denied without prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

[18] *See Gonzalez*, No. 4:26-cv-1286, Docs. 8, 12 (M.D. Pa.) (Brann, C.J.).